THOMPSON GARCIA
ATTORNEYS AT LAW
5776 Stoneridge Mall Road
Suite 390
Pleasanton, CA 94588
Telephone:  (510) 782-7580/(925) 201-3130
Facsimile: 925-397-3042
Email: email@thompsongarcialaw.com


JESSE J. GARCIA (SB# 61223)
AUSTIN M. THOMPSON (SB# 229924)
Attorneys for Defendant
FRANCISCO MIRANDA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 3:2020-CR-00452 |
| Plaintiff, ) | |
| ) | DEFENDANT'S OPPOSITION TO UNITED |
| ) | STATES MOTION TO REVOKE RELEASE |
| vs. ) | ORDER AND TO EXTEND STAY OF |
| ) | RELEASE |
| FRANCISCO MIRANDA, ) | |
| ) | |
| Defendant. ) | |
| _____ / ) | |

Pretrial Services, after a careful assessment of defendant Francisco Miranda's criminal and personal history, as well as the nature of the charges in the present case, and the comments of the case agent, recommended that Mr. Miranda be released on a $50,000 unsecured bond and with various conditions, including "Defendant must not travel outside of the Northern District of California". (See 12/24/20 Pretrial Services Report, ) On December 28th, 2020, after hearing the evidence and argument from the Government, which included all of the same accusations made in their Motion to Revoke Release Order (Dkt. No. 31), the Honorable Sallie Kim, U.S. Magistrate Judge followed the recommendation of Pretrial Services and ordered defendant released on unsecured $50,000 bond. (Dkt. No. 32)

1       Of course, under <u>United States v. Koenig</u>, 912 F.2d 1190, this court is to make it's own

2   independent judgement with regards to the magistrate's findings and make a "'de novo'

3   determination of the facts.." <u>Id</u>. at 1193.  The factors to be considered in determining whether

4   there are conditions of release which will ensure the defendant's appearance and the safety of the

5   community are spelled out in 18 U.S.C. §3142(g).  They include: (1) the nature and

6   circumstances of the offense; (2) the weight of the evidence against the person; (3) the history

7   and characteristics of the person, including family and community ties, employment, length of

8   residence, and prior criminal record, among others; and (4) the nature and seriousness of any

9   danger to the community posed by a release.  Under these criteria, given the facts set forth below,

10  Mr. Miranda is a good candidate for pre-trial release.

11      Mr. Miranda is charged in the present case with Conspiracy to Distribute and Possess

12  with Intent to Distribute Cocaine, pursuant to Title 21, US Code, Section 846.  There is no

13  indication from the discovery received thus far that Mr. Miranda used or threatened to use

14  violence or possessed firearms in connection with this alleged offense or at any other time.

15  According to the Pretrial Services Report completed on 12/24/2020, Mr. Miranda's prior history

16  consists of a single non-violent, drug-related conviction and deportation in 2010.  His substantial

17  ties to the community include his four children, aged 12 years to 8 months, who are all U.S.

18  citizens and have lived in the U.S. their whole lives.

19      Under these circumstances, the Government cannot meet their burden. A 34-year-old with

20  a single criminal arrest, no history of violence, no failures to appear, and a potential bail package

21  that can directly address any hypothetical risks cannot be considered "the carefully limited

22  exception" requiring pretrial detention under the Bail Reform Act. <u>United States v. Salerno</u>, 481

23  U.S. 735, 755 (1987).

24      In upholding the Bail Reform Act, the Supreme Court explained that "in our society

25  liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."

26  <u>Salerno</u>, 481 U.S. at 755. The Court cautioned that the Bail Reform Act should not be used by

27

28  U.S.A. v. FRANCISCO MIRANDA, CASE NO.: 3:2020-CR-00452
    DEFENDANT'S OPPOSITION TO U.S.A.. MOTION TO REVOKE RELEASE ORDER                        2

1  the lower courts as "a scattershot attempt to incapacitate those who are merely suspected of these
2  serious crimes." Id. at 741. Accordingly, the Ninth Circuit has repeatedly emphasized that,
3  "only in rare circumstances should release be denied," United States v. Motamedi, 767 F.2d
4  1403, 1405 (9th Cir. 1985); see also United States v. Honeyman, 470 F.2d 473,474 (9th Cir.
5  1972) ("The whole spirit of the Bail Reform Act, 18 U.S.C. § 3146, et seq., is that a defendant
6  facing trial should be released, rather than detained, unless there are strong reasons for not
7  releasing him.").

8        The Bail Reform Act requires this Court to first evaluate, based on certain statutorily
9  specified criteria set forth at §3142(g), whether releasing Mr. Miranda on his own recognizance
10  is sufficient to reasonably assure (1) his appearance as required and (2) the safety of any other
11  person and the community. 18 U.S.C. § 3142(a). The burden of persuasion-to establish by clear
12  and convincing evidence that the defendant poses a risk of flight or particularized future threat to
13  a specific individual or community-remains at all times with the government. United States v.
14  Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) and United States v. Hir, 517 F.3d 1081, 1086 (9th
15  Cir. 2006). If the evidence cuts both ways and it is a close call, "[d]oubts regarding the propriety
16  of release should be resolved in favor of the defendant." Motamedi, 767 F.2d at 1405.

17        The Ninth Circuit has emphasized that "the weight of the evidence when coupled with the
18  presumption of innocence is, as a general rule, not particularly probative of the issues relevant at
19  a detention hearing," and as such, it is "the least important of the various factors" in the bail
20  review analysis. Motamedi, 767 F.2d at 1408; see also 18 U.S.C. 31420) ("nothing in this section
21  shall be construed as modifying of limiting the presumption of innocence").  Significantly, Mr.
22  Miranda's minimal criminal record; the fact that he has no history of violence or use or
23  possession of firearms; the fact that he has no known failures to appear; and the fact that he has
24  strong family support and a stable residence, coupled with his presumptively innocent status, all
25  outweigh any allegation of potential risk of flight or danger to the community.

26
27
28  U.S.A. v. FRANCISCO MIRANDA, CASE NO.: 3:2020-CR-00452
    DEFENDANT'S OPPOSITION TO U.S.A.. MOTION TO REVOKE RELEASE ORDER          3

1       1. <u>Francisco Miranda's Limited Criminal History</u>

2       As set forth in the December 24th, 2020 Pretrial Services report, Miranda's "Prior

3 Criminal Record" contains a single 2010 San Mateo County conviction on non-violent drug-

4 related charges, not involving firearms.  It is also noted that, following his incarceration on that

5 conviction, Mr. Miranda was deported from the United States, in August, 2010.  In September,

6 2011 a probation violation was alleged and a bench warrant issued, which is still active.  He has

7 not suffered any arrest or conviction in over ten years.

8       The probation violation and bench warrant presumably arose from his failure to report

9 due to being deported, not any willful failure to appear.  There is no indication in his records that

10 he has ever purposefully absconded. He has had no interaction with law enforcement for the past

11 10 years.  He has no history of violence whatsoever. Furthermore, Mr. Miranda's only prior

12 criminal arrest was in state court.  He has never been in the federal criminal justice system, and

13 has never been subject to supervision or subject to the many release conditions that are available

14 through Pretrial Services to mitigate any hypothetical risks.

15       2. <u>Defendant's strong ties to the community</u>

16       Mr. Miranda also has strong family support and roots in his community of residence

17 (Santa Clara, CA-in the Northern District of California).  Mr. Miranda, his wife and family,

18 siblings and friends all reside locally.  Though he is not native to California, he considers it

19 home.

20       Upon his release from custody, Mr. Miranda will return home to live with his wife Maria

21 Ledesma and their 3 sons -Ricardo, age 12, Francisco, age 8, and Santiago, 7 months.  They have

22 lived in their current house in Santa Clara for the past eight months and for years before that they

23 resided nearby in East Palo Alto. Mr. Miranda has a close extended family network in

24 California's South Bay Area consisting of his sister Elizabeth Sanchez who lives in South San

25 Francisco, and brother Armando Miranda who lives in Santa Clara and their families.

26

27

28 U.S.A. v. FRANCISCO MIRANDA, CASE NO.: 3:2020-CR-00452

1         The Government alleges that Mr. Miranda has been recorded stating that he will "leave to

2    the motherland", if he is apprehended by law enforcement.  (U.S. Motion to Revoke Release

3    Order, Dkt. No. 31, at 3) This allegation is misleading and inaccurate.  The recorded

4    conversation was about attendance at a cockfight. (Dkt. No. 13-1 at 3) The conversation is filled

5    with name-calling and joking. (Id.) The statement attributed to Mr. Miranda: "Si me chingan ...

6    pos me voy pa mi tierra?" is literally translated "If they f- - k me, I will go to my land".  The

7    Government's interpretation of the statement is that if law enforcement catches him (again, in

8    this context, it would be for attending a cock fight) he would *flee* to his homeland. (U.S. Motion

9    to Revoke Release Order, Dkt. No. 31, at 3). However, even if they were talking about law

10   enforcement apprehension, the statement, if made by Mr. Miranda, would more properly be

11   interpreted to mean that he would be deported, given his previous experience in 2010.  Thus, this

12   statement does not reflect an intention to *flee* to Mexico.

13        Under these circumstances, the government's allegations in this case, serious as they may

14   be, do not outweigh the many mitigating circumstances that strongly support Mr. Miranda's

15   release on conditions. A 34-year-old with a single criminal arrest, ten years ago and no history of

16   violence, especially one with Mr. Miranda's strong support network, cannot reasonably be

17   characterized as the "carefully limited exception" requiring detention. <u>Salerno</u>, 481 U.S. at 755.

18        3.<u>There are viable conditions of release that can mitigate any identified risks</u>

19        Furthermore, the ultimate question is not whether there are risks associated with Mr.

20   Miranda's release, but whether there are conditions that can be fashioned that would reasonably

21   assure Mr. Miranda's appearance and the safety of the community. See <u>Hir</u>, 517 F.3d at 1091-92

22   (explaining that even where a defendant may pose a danger, the court still must release him if

23   there are a combination of conditions that would reasonably assure the safety of the community);

24   <u>United States v. Scott</u>, 450 F.3d 863, 874 (9th Cir. 2006) (cautioning that a district court can only

25   impose conditions on release if they are necessary to address a defendant's demonstrated

26   "heightened risk of misbehaving while on bail").

27

28

1    The government makes mention of the identification documents found in the

2  investigation of Mr. Miranda which bore the name of someone else. (Dkt. No. 31 at 3-4) Those

3  documents have been seized and are in the possession of law enforcement.  In addition, Mr.

4  Miranda will surrender any passports in his possession and abide by any condition set forth by

5  this court such as not possessing documents in anyone else's name and not traveling outside of

6  the Northern District of California. The Magistrate Judge already imposed the conditions that Mr.

7  Miranda be subject to a curfew and GPS monitoring.

8    Under the aforementioned circumstances, the Government cannot meet its heavy burden

9  of establishing that there are no conditions that will reasonably assure Mr. Miranda's

10  reappearance in court.  There are many additional conditions available even beyond those

11  recommended by Pretrial Services that will further ensure that Mr. Miranda is abiding by the

12  conditions of his release. Any concern by the government regarding recidivism can be adequately

13  addressed by all of the aforementioned conditions.

14

15  II.  SHOULD THE COURT FIND THAT THE GOVERNMENT HAS PRESENTED CLEAR
   AND CONVINCING EVIDENCE TO WARRANT MR. MIRANDA'S CONTINUED
16  DETENTION, COMPELLING REASONS EXIST TO TEMPORARILY RELEASE MR.
   MIRANDA
17
    Mr. Miranda's ties to the community and proposed surety, and the mechanisms available
18
   through pretrial services to prevent illegal activity upon release, satisfy his burden that conditions
19
   of release exist to reasonably assure his appearance and the safety of any other person and the
20
   community. Should this court disagree, compelling reasons exist to temporarily release Mr.
21
   Miranda under 18 U.S.C. §3142(i).
22
    Mr. Miranda suffers from diabetes as well as other pre-existing health conditions.
23
    On November 18th, 2020 he was remanded into U.S. Marshall's custody at Santa Rita
24
   jail. As of the date of this filing, Santa Rita reported a population of 1866 inmates.  The Alameda
25
   County Sheriff claims that currently there are SRJ has 50 positive inmate COVID-19 cases and
26
   15 current positive staff/contractor cases positive inmate COVID-19 cases.  Those numbers have
27

28

1  increased dramtically in the past three weeks.

2  positive.(https://alamedacountysheriff.org/admin_covid19.php).

3      In this unprecedented time, all justice system partners are duty-bound to take action to

4  protect vulnerable populations and the community at large.  COVID-19 is primarily spread from

5  person to person from respiratory droplets when an infected person coughs, sneezes, or talks or

6  by touching a surface or object that has the virus on it, and then by touching your mouth, nose, or

7  eyes. Given the conditions of Santa Rita Jail, it is nearly impossible to avoid the risk of infection.

8      Here, any potential risk of flight danger to the community posed by Mr. Miranda's release

9  can be addressed by the sureties available here, as well as any conditions set forth by this court,

10  including monitoring.  However, nothing can address the dangers posed by the closed quarters of

11  the Santa Rita County Jail during COVID and the imminent threat to the inmates and the jail

12  staff.  Balancing the potential harm of his continued pretrial incarceration against the potential

13  harm of his failing to appear at a future court hearing, it is clear that release with appropriate

14  conditions is necessary.

15      Inmates have long suffered inadequate medical care in Santa Rita. Two civil rights class

16  action lawsuits are currently pending in the Northern District of California alleging a lack of

17  adequate medical care, and a third class action lawsuit alleges a lack of mental health treatment.

18  See Mohrbacher et al v. Alameda County Sheriff's Office et al, 18-cv-00050 JD, (N.D CAL.)

19  (female inmate class action.); Gonzalez et al v. Ahern et al, 19-cv-07423 JSC, (N.D Cal.) (male

20  inmate class action); Babu et al v. Ahern et al, 18-cv-07677 NC (N.D. Cal). The complaints in

21  these cases paint a shocking picture of neglect and mistreatment, including inmates receiving no

22  medical attention while undergoing drug detox (Gonzalez, Dkt. No. 1 at ¶94), inmates being

23  denied lifesaving prescribed medication for weeks (Id. at ¶ 93), slow response times to medical

24  emergencies like seizures (Id. at ¶ 96), and unanswered requests for medical attention by

25  bedridden inmates (Mohrbacher, Dkt. No. 103 at ¶ 94). And these examples are not isolated

26  incidents; rather, they reflect a systemic problem at Santa Rita that will hinder the ability of

27

28  U.S.A. v. FRANCISCO MIRANDA, CASE NO.: 3:2020-CR-00452
    DEFENDANT'S OPPOSITION TO U.S.A.. MOTION TO REVOKE RELEASE ORDER                    7

1    inmates with COVID-19 to receive adequate care. As of October 2019, Santa Rita had a 50%

2    higher death rate than the LA County jail system, the largest county jail system in the nation and

3    one six times larger than Santa Rita.

4           Given the inadequate medical care inmates experienced *before* COVID-19 pandemic, this

5    court cannot be confident Mr. Miranda will receive medical attention for his pre-existing medical

6    conditions, let alone if he is infected with COVID-19.

7           By contrast, if released to home confinement, Mr. Miranda could continue to see his

8    doctor to address his conditions and seek immediate emergency medical attention if he

9    experienced any onset or exacerbation of health problems due to COVID-19.

10          Given that Santa Rita has failed to provide adequate care or sanitary conditions to inmates

11   in the best of times, it is doubtful that Santa Rita will be able to limit the spread of COVID-19 in

12   the jail.

13          Other courts have released inmates where medical conditions exposed them to particular

14   risk of serious COVID-19-induced illnesses. See Matter of Extradition of Toledo Manrique, No.

15   19-MJ-71055 TSH, 2020 WL 1307109, at *1 (N.D. Cal Mar. 19, 2020) ("The risk that this

16   vulnerable person will contract COVID-19 while in jail is a special circumstance that warrants

17   bail."); United States v. Parmer, No. 18-CR-00267-RS-1, 2020 WL 2213467 (N.D. Cal. Apr. 14,

18   2020) (Granting temporary pretrial release to 55 year old defendant with acuate need to prepare

19   for imminent trial); United States v. Daniels, No. 19-CR-00709-LHK (NC), 2020 WL 1815342

20   (N.D. Cal. Apr. 9, 2020) (granting temporary pretrial release to defendant with obesity, previous

21   head wounds, and post-traumatic stress disorder); United States v. Garcha, No.

22   19CR00663EJD1VKD, 2020 WL 1593942 (N.D. Cal. Apr. 1, 2020) (granting temporary pretrial

23   release to defendant who is HIV-positive, has a brain tumor, and suffered a pulmonary

24   embolism).

25          We ask that, if the court does not find clear and convincing evidence to warrant Mr.

26   Miranda's pretrial release in this case, it must exercise its discretion under 18 U.S.C. §3142(i)

27

28

1  and grant temporary release for the compelling reasons stated above.

2  CONCLUSION

3        For all the foregoing reasons, Mr. Miranda should not be detained, as there are a

4  combination of conditions which can ensure his attendance in court and will protect the interests

5  of the community.  In the alternative, the court should grant temporary release given Mr.

6  Miranda's medical conditions and the COVID pandemic.

7

8  Dated: <u>December 30, 2020</u>                Respectfully Submitted,

9

10                 /S/JESSE J. GARCIA

11                 JESSE J. GARCIA
                   Attorney for Defendant

12                 FRANCISCO MIRANDA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   THOMPSON GARCIA
    ATTORNEYS AT LAW
2   5776 Stoneridge Mall Road
    Suite 390
3   Pleasanton, CA 94588
    Telephone:  (510) 782-7580/(925) 201-3130
4   Facsimile: 925-397-3042
    Email: email@thompsongarcialaw.com
5

6   JESSE J. GARCIA (SB# 61223)
    AUSTIN M. THOMPSON (SB# 229924)
7   Attorneys for Defendant
    FRANCISCO MIRANDA
8

9

10              IN THE UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12
    UNITED STATES OF AMERICA,      )    CASE NO.: 3:2020-CR-00452
13                                  )
                  Plaintiff,        )    DECLARATION OF AUSTIN M. THOMPSON
14                                  )    IN SUPPORT OF DEFENDANT'S OPPOSITION
    vs.                             )    TO UNITED STATES' MOTION TO REVOKE
15                                  )    RELEASE ORDER
    FRANCISCO MIRANDA,              )
16                                  )
                  Defendant.        )
17   _____ / )

18          I, Austin M. Thompson declare as follows:

19          1)      Attached as Exhibit "1" please find a copy of prescriptions given to defendant,

20                  Francisco Miranda from his doctor in Mexico with regards to his diabetes and

21                  high blood pressure ("Metformina" (Metformin), "Glibenclamida"

22                  (Glibenclamide), and "Lozartan" (Losartan).

23          2)      Attached as Exhibit "2" please find a copy of four (4) Certificate of Titles's

24                  offered by Francisco's family as potential sureties.

25          I declare under penalty of perjury that the foregoing is true and correct to the best of my

26   knowledge and belief.

27

28   U.S.A. v. FRANCISCO MIRANDA, CASE NO.: 3:2020-CR-00452
     DEFENDANT'S OPPOSITION TO U.S.A.. MOTION TO REVOKE RELEASE ORDER              10

1    Executed this 30th day of December 2020, in the City of Pleasanton, State of California.

2

3                    /S/AUSTIN M. THOMPSON

                      Austin M. Thompson

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
# EXHIBIT "1"
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Dr. Luis Alvaro Barbosa Santos

**MEDICINA GENERAL**
Av. Quinceo Núm. 641-B • Col. Mariano Escobedo • C.P. 58116 • Morelia, Mich.   Ced. Prof. 6101208

Rx.

**Paciente:** Francisco R Sanchez Miranda   **Fecha:** 02/10/19

**Proxima Cita:** 02/12/19

Favor de presentar esta
receta en su proxima consulta

II cajas de Metformina tab
tomar 1 tab c/4 th.

Edad 33

Peso 94

Pulso

T/A 168/88   Glibenclamida tb tomar 1 c/24 th

Talla

Temp. 36   Lozartan tb tomar 1 tb c/12 th

Hasta **75%** de descuento

**Farmacias MG**
Mercado de genéricos

Firma

**Dr. Luis Alvaro Barbosa Santos**

**MEDICINA GENERAL**

Av. Quinceo Núm. 641-B • Col. Mariano Escobedo • C.P. 58116 • Morelia, Mich.   Ced. Prof. 6101208

Rx.

Paciente: Francisco R Sanchez Miranda   Fecha: 04/05/20

Proxima Cita: 03/08/20

Favor de presentar esta receta en su proxima consulta

Edad 34

Peso 93

Pulso 85

T/A 167/90

Talla _____

Temp. 36-5

# cajas de Metformina th 850 mg tomar 1 th c/24 h por las noches

# cajas de glibenclamida th tomar 1 th c/24 h por las mañanas

Lozartan th tomar 1 th. c/12 h

**Farmacias MG**
Mercado de genéricos

Hasta 75% de descuento

Firma

# Dr. Luis Alvaro Barbosa Santos

**MEDICINA GENERAL**

Av. Quinceo Núm. 641-B • Col. Mariano Escobedo • C.P. 58116 • Morelia, Mich.

Ced. Prof. 6101208

Rx.

**Paciente:** Francisco R Sanchez Miranda

**Fecha:** 02 / 12 / 19

**Proxima Cita:** 04 / 02 / 20

Favor de presentar esta
receta en su proxima consulta

II   gliben clamida 1/2 tomar

1 c/24°

**Edad** 33

**Peso** 94

**Pulso** 100

**T/A** 165/90   II Metformina 850 mg  tomar 1 1/2

c/24 hs

**Talla** _____

**Temp.** 36.5

Lozartan 1/2 tomar 1 tab c/12 hs

Hasta **75%** descuento

**Farmacias (MG)**
Mercado de genéricos

Firma

# Dr. Luis Alvaro Barbosa Santos

**MEDICINA GENERAL**

Av. Quinceo Núm. 641-B • Col. Mariano Escobedo • C.P. 58116 • Morelia, Mich.

Ced. Prof. 6101208

Paciente: Francisco R Sanchez Miranda

Rx.

Fecha: 04/02/20

## Proxima Cita:

04/05/20

Favor de presentar esta receta en su proxima consulta

Edad **34**

Peso _____

Pulso **80**

T/A **165/95**

Talla _____

Temp. **36.7**

# codos de Metformina 850 mg tb
tomar 1 tb c/24 hs

# casos de gliben clamida tb tomar
1 tb c/24 hs

Lozartan tb tomar 1 tb c/12 hs

Firma

Hasta 75% de descuento

**Farmacias** (MG)
Mercado de genéricos

# Dr. Luis Alvaro Barbosa Santos

**MEDICINA GENERAL**

Av. Quinceo Núm. 641-B • Col. Mariano Escobedo • C.P. 58116 • Morelia, Mich.

Ced. Prof. 6101208

Rx.

**Paciente:** Francisco R Sanchez Miranda

**Fecha:** 03 / 08 / 20

**Proxima Cita:** 05 / 10 / 20

Favor de presentar esta
receta en su proxima consulta

**Edad** 34

**Peso** 85

**Pulso** 85

**T/A** 15/90

**Talla** _____

**Temp.** 36.5

metformina th 850 mg tomar
1 tab c/24 hr

gliben clamida th tomar 1 th c/24 hr

Lozartan th tomar 1 th c/12 hr

Deabion th tomar 1 th c/24 hr

Farmacias MG
Mercado de genéricos

Hasta 75% descuento

Firma

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

U.S.A. v. FRANCISCO MIRANDA, CASE NO.: 3:2020-CR-00452
DEFENDANT'S OPPOSITION TO U.S.A.. MOTION TO REVOKE RELEASE ORDER

13

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VE1200915PT

VEHICLE HISTORY

**AUTOMOBILE**

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 2HGFC2F51JH529200 | 2018 | HOND | 8BJB768 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| 4D | | | G | 05/22/20 | $822 | 05/22/2021 |

| YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| 2018 | AD | 2020 | BI | | 09/15/20 |

MOTORCYCLE ENGINE NUMBER

| ODOMETER DATE | ODOMETER READING |
|---|---|
| 05/22/2020 | 70258 MI |

ACTUAL MILEAGE

REGISTERED OWNER(S)

SANCHEZ MIRANDA MIRIAM
936 BAY RD
E PALO ALTO CA 94303

-----
-----

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a _____  DATE _____  X _____ SIGNATURE OF REGISTERED OWNER

1b _____  DATE _____  X _____ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ☐☐☐☐☐☐ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is **not** the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

CA198779464

019460

REG. 17.30RS (REV.02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK, HOLD TO LIGHT TO VIEW.

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VA1180421EN

**VEHICLE HISTORY**

AUTOMOBILE

**VEHICLE ID NUMBER**
WVWMP7AN2CE503262

**YR MODEL** 2012
**MAKE** VOLK
**PLATE NUMBER** 8DGF870

**BODY TYPE MODEL** 4D
**AX** 
**UNLADEN WEIGHT** 
**FUEL** G
**TRANSFER DATE** 04/20/18
**FEES PAID** $274
**REGISTRATION EXPIRATION DATE** 06/14/2019

**YR 1ST SOLD** 2011
**CLASS** AH
**'YR** 2018
**MO** ZR
**EQUIPMT/TRUST NUMBER**
**ISSUE DATE** 04/21/18

**MOTORCYCLE ENGINE NUMBER**

**ODOMETER DATE** 04/20/2018
**ODOMETER READING** 114821 MI
ACTUAL MILEAGE

**REGISTERED OWNER(S)**
SANCHEZ MIRANDA ARMANDO
15970 EL CAPITAN WAY
DELHI CA 95315

- - - - -
- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a _____   X _____
DATE                SIGNATURE OF REGISTERED OWNER

1b _____   X _____
DATE                SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ☐☐☐,☐☐☐,☐☐☐ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|------|-------------------------------|------|-------------------------------|
|      | X                             |      | X                             |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

## IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

**LIENHOLDER(S)**

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

CA180728965

006946

REG. 17.30RS (REV.02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VEHICLE HISTORY

V71200924PF

**AUTOMOBILE**

SALVAGED

| VEHICLE ID NUMBER | | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|---|
| WDCOG4JB6JV063475 | | 2018 | MERZ | 8SIL717 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| UT | | | G | 09/23/20 | $473 | 03/10/2021 |

| YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| 2018 | BE | 2020 | BI | | 09/24/20 |

MOTORCYCLE ENGINE NUMBER

| ODOMETER DATE | ODOMETER READING |
|---|---|
| 09/23/2020 | 30000 MI |
| | NOT ACTUAL MILEAGE |

REGISTERED OWNER(S)

LEDESMA MARIA DE LOSANGELES
2601 CORTEZ DR
UNIT 1205
SANTA CLARA CA 95051

- - - - -
- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a_____ X-
   DATE          SIGNATURE OF REGISTERED OWNER

1b_____ X
   DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ] [ ] [ ] [ ] [ ] [ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING    ☐ Odometer reading is **not** the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. X
   Signature releases interest in vehicle. (Company names must be countersigned)

   Release Date _____

CA199023332

018960                    REG 17 30RS (REV 02/2016)

VOID WITHOUT BEAR WATERMARK, HOLD TO LIGHT TO VIEW.

VOID WITHOUT BEAR WATERMARK, HOLD TO LIGHT TO VIEW

KEEP IN A SAFE PLACE - VOID IF ALTERED

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

VEHICLE HISTORY

VA1170329EN

AUTOMOBILE

VEHICLE ID NUMBER

WAUFFAFLXBA093815

| | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| | 2011 | AUDI | 7WIN007 |

BODY TYPE MODEL

4D

AX   UNLADEN WEIGHT   FUEL   TRANSFER DATE   FEES PAID

G   03/28/17   $70

REGISTRATION EXPIRATION DATE

02/14/2018

YR 1ST SOLD   CLASS   *YR   MO   EQUIPMT/TRUST NUMBER

2011   AC   2017   YP

ISSUE DATE

03/29/17

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE   ODOMETER READING

03/28/2017   100000 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)

SANCHEZ MIRANDA ARMANDO
15970 EL CAPITAN WAY
DELHI CA 95315

- - - - -
- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a_____ X _____
       DATE                          SIGNATURE OF REGISTERED OWNER

1b_____ X _____
       DATE                          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [          ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING   ☐ Odometer reading is not the actual mileage.   ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

CA172382602

016823

REG. 17.30RS (REV.02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW