UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FRANCISCO RICARDO MIRANDA,<br>Defendant. | Case No. 3:20-cr-00452-EMC-1   (EJD)<br>**ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE**<br>Dkt. No. 31 |

Defendant Francisco Ricardo Miranda was initially charged by complaint with violation of 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)). Dkt. No. 2. On November 18, 2020, Defendant made his initial appearance, was advised of the charges and appointed counsel. Dkt. No. 5. The Government moved for detention. *Id*. On December 1, 2020, the grand jury issued an indictment. On December 24, 2020, Pretrial Services produced a pre-trial bail report recommending Defendant's release on a $50,000 unsecured bond, co-signed by his sister, and other conditions. Dkt. No. 30.

On December 28, 2020, Magistrate Judge Kim held a detention hearing, ordered Defendant released on the conditions recommended by Pretrial Services with the addition of electronic monitoring and a curfew, and issued a twenty-four hour stay. Dkt. No. 32. The same day, the Government filed a motion to revoke the release order. Dkt. No. 31. Upon the motion being filed, the Court issued an order staying the release order pending further order of the Court. Dkt. No. 35. Defendant filed a response on December 30, 2020. Dkt. No. 36.

Case No.: 3:20-cr-00452-EMC-1
ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE
1

The Government's motion was heard on February 8, 2021, the earliest date Defendant and the Court were available. For the reasons stated below and on the record at the hearing, the Court GRANTS the Government's motion.

## I. BACKGROUND

Defendant is a citizen of Mexico and entered the United States at age six. Prior to being charged in this case, Defendant resided in Santa Clara, California, with his wife, three children, his brother and sister-in-law.

According to the Drug Enforcement Administration ("DEA"), in December 2019, investigators began developing information about a drug trafficking organization ("DTO") in which Defendant is a central figure. With the assistance of court-ordered wiretaps, investigators learned that Defendant and others were running a wholesale cocaine trafficking and distribution operation in Northern California that traffics kilogram quantities of cocaine. Defendant allegedly obtained cocaine and methamphetamine from Southern California-based suppliers and has ties to suppliers in Mexico. The investigation led to the criminal complaint filed on November 16, 2020. Thereafter, the grand jury issued an indictment charging the following:

> (1) violation of 21 U.S.C. § 846, Conspiracy to Distribute and Possess With Intent to Distribute a Mixture and Substance Containing Cocaine, against Defendant, Jesus Alberto Rojas-Vega, Gelacio Perez-Rojas, Uriel Soto, And Leonel Cisneros-Sosa;
>
> (2) violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute a Mixture and Substance Containing Cocaine, against Soto;
>
> (3) violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), Possession with Intent to Distribute 500 Grams and more of a Mixture and Substance Containing Cocaine against Defendant;
>
> (4) violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), Possession with Intent to Distribute 500 Grams and more of a Mixture and Substance Containing Methamphetamine against Defendant; and
>
> (5) forfeiture.

Dkt. No. 15. Magistrate Judge Kim ordered Defendant released on a $50,000 unsecured bond with his wife as a custodian.

Case No.: 3:20-cr-00452-EMC-1
ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE

2

## II. STANDARDS

This Court reviews *de novo* a magistrate judge's order regarding pretrial detention. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990) ("There are ample reasons, then, for concluding that the district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings.").

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, persons facing trial are to be released under the least restrictive condition or combination of conditions that will "reasonably assure" the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(c)(2); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should release pending trial be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Gebro*, 948 F.2d at 1121 (citing *Motamedi*, 767 F.2d at 1405). On a motion for pretrial detention, the Government bears the burden of showing by clear and convincing evidence that the defendant poses a danger to the community, and by a preponderance of the evidence that the defendant poses a flight risk. *Motamedi*, 767 F.2d at 1406–07.

Section 3142(g) of the Bail Reform Act contains several factors to evaluate whether there are any conditions of release that will "reasonably assure" a defendant's future appearances and the safety of the community. 18 U.S.C. § 3142(g). These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person including: (A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986);

Case No.: 3:20-cr-00452-EMC-1
ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE

3

United States District Court
Northern District of California

*Motamedi*, 767 F.2d at 1407. "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt." *Gebro*, 948 F.2d at 1121 (citing *Winsor*, 785 F.2d at 757); *see also Motamedi*, 767 F.2d at 1408. Evidence of guilt is relevant only in terms of the likelihood that the defendant will fail to appear or will pose a danger to the community. *Winsor*, 785 F.2d at 757. After a court determines whether a defendant should be detained or released pretrial, the decision may be reopened at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

In a controlled substance case, such as here, in which the maximum sentence is ten years or more, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance as required and the safety of the community. 8 U.S.C. § 3142(e)(3)(A).

### III.  DISCUSSION

The Court has conducted a *de novo* review of the record and finds by a preponderance of evidence that Defendant is a flight risk and the rebuttable presumption has not been overcome.

#### A.  Stated Intent to Flee to Mexico

Defendant is facing a minimum of ten years of imprisonment if convicted. Three of Defendant's co-conspirators are believed to have fled. In a call intercepted during a court-authorized wiretap, Defendant said he would "leave to the motherland." Dkt. No. 31 at 3. The Government interprets this to mean that Defendant would flee to Mexico.

Defendant explains that the comment was made in a conversation about attending a cockfight and that the statement does not reflect an intention to flee, but instead an expectation that he could be deported if he was caught at a cockfight. Dkt. No. 36 at 5.

The Court recognizes that Defendant's statement is not as concrete as the Government suggests. In a separate call between Defendant and his father, however, Defendant discussed

Case No.: 3:20-cr-00452-EMC-1
ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE
4

United States District Court
Northern District of California

sending his children to live in Michoacán, Mexico, where Defendant's family owns orchards. Defendant counters that he has a close extended family network in California and no intention of sending his children to live in Mexico.

Nevertheless, Defendant's statements overhead through the wiretap are indicative of his mindset. Defendant's comments, when combined with other evidence discussed below, support an inference that Defendant will leave this jurisdiction without hesitation.

### B. Defendant Has Been Living Under an Assumed Identity

Defendant has been living under an assumed identity and using fraudulent identity documents. He has a California Driver's License with his photo and the name "Concepcion Amneris Aponte." Dkt. No. 12 at 3. Investigators also found a social security card bearing the same name. The use and possession of fraudulent identity documents supports detention based on flight risk. *United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015).

Defendant suggested during the hearing that immigrants who are undocumented often find themselves working under the names of other individuals. Here, however, Defendant does not have a record of any legitimate employment. The false identification in this context suggests it could be used as a means to flee undetected.

### C. Defendant Has an Active Arrest Warrant for 2009 Drug Charges

Defendant has an active state arrest warrant for drug-related crimes from Redwood City, California. In 2010, Defendant was convicted on drug-related charges, although Defendant has no other convictions and no history of violence. In August 2010, following incarceration, federal authorities removed Miranda to Mexico. At some point thereafter, Miranda illegally reentered the U.S. and resumed his drug trafficking activities. In September 2011, a bench warrant was issued for a probation violation, which is still active. The nature of the probation violation is unknown. Defendant presumes it arose from Defendant's failure to report after deportation, and "not any willful failure to appear." Dkt. No. 36 at 4.[1] Nevertheless, Defendant knew he was on probation.

---

[1] The Government believes the probation violation is related to controlled substances and likely failure to report.

Case No.: 3:20-cr-00452-EMC-1
ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE

5

Defendant represents that he does appreciate the seriousness of this case and intends to litigate the state charges.  His behavior post sentencing –reentry into the United States and failure to appear in state court—suggests otherwise.  Defendant's prior conduct indicates that he is not likely to follow court orders in the future and therefore, support detention based on flight risk.  *Santos-Flores*, 794 F.3d at 1092.

### D.  Lacks Legitimate Employment and Nature of Offense

Defendant has not had legitimate employment for over ten years, which suggests that $100,000 seized from his house when arrested was acquired through illegitimate means.  The substantial cash seized, coupled with the evidence obtained through the court-authorized wiretaps, the significant quantities of narcotics seized, and the fact that Defendant attempted to destroy his phone when law enforcement agents were searching his residence, all suggest that Defendant has, once again, found himself involved in narcotics in some manner.  The circumstances of the offense weigh against pretrial release.  *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

### E.  Condition at Santa Rita Jail re COVID-19

Defendant suffers from diabetes and recently contracted COVID-19.  He was quarantined and now appears to have recovered sufficiently to be able to assist counsel in his defense.  Therefore, the conditions at Santa Rita Jail do not support pretrial release at this time.

## IV.  CONCLUSION

For the reasons stated above and on the record during the February 8, 2021 hearing, the evidence establishes by a clear preponderance that Defendant is a flight risk and the rebuttable presumption has not been overcome.  The Government's motion is GRANTED.  Defendant is ordered detained.

**IT IS SO ORDERED.**

Dated: February 10, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 3:20-cr-00452-EMC-1
ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE

6