THOMPSON GARCIA
ATTORNEYS AT LAW
5776 Stoneridge Mall Road, Suite 390
Pleasanton, CA 94588
Telephone:  (510) 782-7580/(925) 201-3130
Facsimile: (925) 397-3042
Email: email@thompsongarcialaw.com

JESSE J. GARCIA (#061223)
AUSTIN M. THOMPSON (#229924)
Attorneys for Defendant,
FRANCISCO MIRANDA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No: 3:20-CR-00452-EMC-1 |
| Plaintiff, ) | DEFENSE SENTENCING MEMORANDUM |
| v. ) | |
| FRANCISCO MIRANDA, ) | |
| Defendant. ) | |
| _____/ ) | |

**Defendant's Criminal History Category is Overstated in the Presentence Report.**

The Presentence Investigation Report (Hereinafter the "PSR") recommends a two (2) Criminal History Points for Mr. Miranda's July, 2010 drug conviction in San Mateo County Superior Court, for which Mr. Miranda was sentenced to one (1) year in the county jail. (PSR, Paragraph 60).  Probation cites USSG §4A1.1(b).  However, Application Note 2 of 4A1.1 directs the court not to give Criminal History Points for sentences that were imposed more ten (10) years before the offense in the present case.  Here, Mr. Miranda was arrested in November, 2020, ten years and 4 months after his sentence was imposed in San Mateo County.  Thus, he should not given Criminal History Points for that offense and he should be a Criminal History Category I.

**The Court Should Impose a Sentence Within the Guideline range of 70 to 87 Months, a Sentence that is Sufficient, But Not Greater Than Necessary to Comply With the Purposes of Sentencing Under 18 U.S.C. § 3553(a)**

The proper framework for federal sentencing is the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to achieve the goals of sentencing." Kimbrough v. U.S., 552 U.S. 85, 89. The PSR calculates and recommends a Total Offense Level of 27 (PSR, Paragraph 57). The Guideline imprisonment range for an Offense Level 27 and Criminal History Category I is 70 to 87 months. A sentence between 70 to 87 months serves the purpose of sentencing – it would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense while at the same time affording adequate deterrence to criminal conduct and protect the crime from any further crimes of the defendant. *See* 18 U.S.C. § 3553.

    **A. The History and Characteristics of the Defendant and Nature and Circumstances of the Offense Warrant a Sentence of Between 78 and 97 Months**

Mr. Miranda's history and characteristics support a 70 to 87 month sentence. He came from humble beginnings and modest means and he has worked hard to support and care for his own children. The offense in this case is a non-violent drug conspiracy, not involving any weapons.

Recently, the United States Attorney has authored memorandum with a directive to his office that where Title 21 mandatory minimum sentences are applicable based on drug type and quantity, their office should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant satisfies a listed criteria. (12/6/22 Garland Memorandum, Hereinafter "Garland Memo")

The stated criteria in the Garland Memo are:

1)    The defendant's relevant conduct does not involve: the use of violence, the direction to another to use violence, the credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious

    bodily injury of any person;

Here, Mr. Miranda is not alleged to have committed any of the listed conduct and this factor clearly applies.

  2)  The defendant does not have a significant managerial role in the trafficking of significant quantities of drugs;

Relative to the coconspirators in Mr. Miranda's case or those other cases related to it, Mr. Miranda cannot be said to have a significant managerial role in the offense and, therefore, this factor applies.

  3)  The defendant does not have significant ties to a large-scale criminal organization or cartel, or to a violent gang;

By virtue of his connection to this conspiracy, Mr. Miranda cannot be said to have NO ties to a large-scale criminal organization or cartel.  Given the unfortunate prevalence of the cartels in Mexico, many Mexicans and Mexican-Americans have family or friends with *some* involvement with those cartels. The purpose of the Garland Memo and its directives is to lessen the "disproportionately severe sentences for certain defendants and perceived and actual racial disparities in the criminal justice system" Penalizing defendants who have some ties to a cartel by virtue of where they were born or who their family members are is contrary to that purpose. Additionally, with regards to Mr. Miranda specifically, we argue that he cannot be said to have significant ties to a large-scale criminal organization or cartel.

  4)  The defendant does not have a significant history of criminal activity that involved the use or threat of violence, personal involvement on multiple occasions in the distribution of significant quantities of illegal drugs, or possession of illegal firearms.

While this particular case involved Mr. Miranda's personal involvement on multiple occasions in the distribution of significant quantities of illegal drugs, this particular criterion in the Garland Memo is concerned with whether or not Mr. Miranda had a significant history of

Defense Sentencing Memorandum
U.S.A. v. Francisco Miranda, Case no.: 3-20-CR-00452-EMC-1  3

criminal activity involving such conduct. He does not. Neither does he have any history of violence or illegal firearms. Thus, this factor clearly applies in Mr. Miranda's favor.

Unfortunately, the present case was charged prior to the issuance of the Garland Memo and its directives were not taken in to consideration in the charging of this case.

### B. A 70-87 Month Sentence Would Achieve the Goals of Retribution, Deterrence, Incapacitation, and Rehabilitation.

Section 3553(a)(2)(A) requires the Court to consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Section 3553 further requires the Court to consider whether the proposed sentence would "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B), (C). Finally, the Court is instructed to craft a sentence that will "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).

A 70-87-month sentence achieves these goals. The sentence is long enough that it would deter Mr. Miranda from future crimes and protect the public, as was likely contemplated by the United States Sentencing Commission when crafting the applicable guidelines.

Finally, a 70-87 month sentence would be sufficient to serve the goals of deterrence and punishment, while still allowing Mr. Miranda – who is only thirty-seven years old with a wife and four young children – a chance at rehabilitation and an opportunity to contribute to society and to ensure the stability and success of the next generation for which he is responsible.

### CONCLUSION

In sum, it is urged that the Court find that a a sentence of 70 to 87 months (Total Offense Level 27, Criminal History Category I) would adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public,

and otherwise fully reflect each of the factors embodied in 18 U.S.C § 3553(a).  Such a sentence would take into account the gravity of Mr. Miranda's conduct and would deter future criminal activity.

Dated: <u>August 3, 2023</u>　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　THOMPSON GARCIA


　　　　　　　　　　　　　　　　　　　　　　/s/ Jesse J. Garcia
　　　　　　　　　　　　　　　　　　　　　　JESSE J. GARCIA
　　　　　　　　　　　　　　　　　　　　　　Attorney for FRANCISCO MIRANDA